<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SM MEDICAL HOLDINGS CORPORATION,** *as assignee of DYNAMIC MEDICAL IMAGING – DMI, LLC,* | |
| Plaintiff, | Civil Action No. 25-1549 (ZNQ) (JBD) |
| v. | **OPINION** |
| **UNITED HEALTHCARE SERVICES, INC.,** | |
| Defendant. | |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Dismiss (the "Motion") filed by Defendant United Healthcare Services, Inc. ("United" or "Defendant"). (ECF No. 16.) Defendant filed a brief in support. ("Moving Br.," ECF No. 16-1.) Plaintiff SM Medical Holdings Corporation ("SM" or "Plaintiff"), as assignee of Dynamic Medical Imaging – DMI, LLC ("Dynamic"), filed a brief in opposition ("Opp'n Br.," ECF No. 19), and Defendant filed a reply ("Reply Br.," ECF No. 20.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** Defendant's Motion and dismiss the Complaint without prejudice.

1

## I.    BACKGROUND AND PROCEDURAL HISTORY

The Complaint contains only three paragraphs pertaining to the facts of this case.

Pursuant to a Bill of Sale executed on April 30, 2024, Dynamic sold its receivables to SM. (Compl., Facts ¶ 1.)  SM claims that United is indebted to SM in the amount of $1,133,062.44 for moneys due and owing for various medical imaging services provided by Dynamic.  (*Id.* ¶ 2.)  On June 4, 2024, SM transmitted a demand for payment to United.  (*Id.* ¶ 3.)  According to the parties' submissions, SM attached a Claim List to its demand.[1]  To date, United has not made any payments to SM.  (*Id.*)

Plaintiff filed its Complaint on February 28, 2025.  (ECF No. 1.)  United filed its Motion to Dismiss on July 25, 2025.  (ECF No. 16.)

## II.    SUBJECT MATTER JURISDICTION

Plaintiff asserts that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are diverse and the value of the controversy exceeds $75,000.

## III.    LEGAL STANDARD

### A.    RULE 12(b)(6)

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations, but requires "more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face."  *Id.* at 570.  That standard is met when "factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim.  The defendant bears the burden to show that no

---

[1] For reasons unclear, neither party has submitted the Claims List to the Court.

2

claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). The Court accepts facts in the complaint as true and draw reasonable inferences in the plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

A district court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. When considering a motion under 12(b)(6), the "defendant bears the burden of showing that no claim has been presented." *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Moreover, the court must accept as true all the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).

**B.      RULE 12(b)(1)**

Under Rule 12(b)(1), a court must dismiss a claim if it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and to "raise and decide jurisdictional questions that the parties either overlook or elect

3

not to press." *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 122 n.5 (3d Cir. 2016) (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)).  A Rule 12(b)(1) motion can raise a facial attack or a factual attack, which determines the standard of review.  *Mazo v. Way*, 551 F. Supp. 3d 478, 489 (D.N.J. 2021).

A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law . . . or because some other jurisdictional defect is present." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  *Id.* at 358.  "A factual attack concerns the actual failure of [plaintiff's] claims to comport with the jurisdictional prerequisites." *CAN v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); *see id.* ("So, for example, while diversity of citizenship might have been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking.").  When considering a factual challenge, "the plaintiff [has] the burden of proof that jurisdiction does in fact exist," the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," and "no presumptive truthfulness attaches to [the] plaintiff's allegations . . . ." *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

## IV.    **DISCUSSION**

Plaintiff alleges one cause of action: account stated.  (Compl. at 2.)  Its cause of action asserts failure to pay a host of sub-claims.  Defendant argues that the Complaint warrants dismissal for several reasons: (1) several sub-claims on their face relate to entities other than United; (2) the Employee Retirement Income Security Act ("ERISA") preempts the sub-claims pertaining to

ERISA; (3) the Medicare Act preempts the sub-claims pertaining to Medicare and Plaintiff failed to exhaust all administrative remedies; and (4); Plaintiff fails to plead a plausible account stated claim for the remaining sub-claims.

### A.    SUB-CLAIMS RELATED TO ENTITIES OTHER THAN UNITED

First, Defendant asserts that the 275 disputed sub-claims that are not related to health plans administered by United should be dismissed.  (*See* Moving Br. at 12–13.)  Plaintiff fails to respond to this argument in its Opposition.

Defendant argues, and Plaintiff does not dispute, that 275 sub-claims on the Claims List reference other health plans that are not administered by United.  (*See id.*)  Specifically, Plaintiff lists Empire, UMR, Optum, and Oxford in column AU of the Claims List.  (*Id.*)

Because these sub-claims on their face do not and could not relate to United—and Plaintiff does not dispute this—those 275 sub-claims dismissed will be DISMISSED WITH PREJUDICE.

### B.    ERISA SUB-CLAIMS

Defendant argues—and Plaintiff does not dispute—that the Claims List includes some sub-claims that reference ERISA plans.  Moreover, Defendant argues—and Plaintiff does not oppose—that Plaintiff's claims relating to ERISA plans must be dismissed because ERISA expressly preempts those sub-claims.

Defendants are correct.  Plaintiff's sub-claims pertaining to ERISA plans are preempted by Section 514(a) to the extent they relate to an ERISA benefit plan.  *See Neurosurgical Care of New Jersey, PA v. United Healthcare Ins. Co.*, Civ. No. 22-1333, 2022 WL 17585882, at *3 (D.N.J. Dec. 12, 2022); *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 296 (3d Cir. 2014) ("Claims involving denial of benefits . . . require interpreting what benefits are due under the plan" and "are expressly preempted"); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001)

("Thus, suits against . . . insurance companies for denial of benefits, even when the claim is couched in terms of common law . . ., have been held to be preempted by § 514(a)."). Simply stated, the Court cannot decide Plaintiff's claim as to the ERISA plans without analyzing and interpreting the plans at issue. *See Neurosurgical Care of New Jersey, PA*, 2022 WL 17585882, at *3. As such, and because Plaintiff did not oppose this portion of the Motion, Plaintiff's claim as to ERISA plans will be DISMISSED WITH PREJUDICE.

### C.    MEDICARE SUB-CLAIMS AND EXHAUSTION

Defendant separately seeks dismissal of the sub-claims that are based on Medicare-regulated plans on the basis that they are preempted under the Medicare Act and/or Plaintiff failed to exhaust its administrative remedies under that act. (Moving Br. at 15–18.) As noted above, Plaintiff asserts one accounts stated claim—which is a state common law claim. *See Bestherb, Inc. v. Yinlink Int'l Inc.*, Civ. No. 22-6548, 2024 WL 3898039, *1 (D.N.J. Aug. 22, 2024) (matter "involve[ed] common-law claims," including accounts stated claim). As such, Plaintiff says it does not invoke a claim under the Medicare Act.

The Medicare Act has an exhaustion requirement, "42 U.S.C. § 405(h), [which] makes judicial review under a related provision, 42 U.S.C. § 405(g), the sole avenue for judicial review for claims arising under the Medicare Act." *Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010) (internal quotations omitted). "The Supreme Court has held that the exhaustion requirement of § 405(g) consists of a non-waivable requirement that a claim for benefits shall have been presented to the Secretary, and a waivable requirement that the administrative remedies prescribed by the Secretary be pursued fully by the claimant." *Id.* "Only once the Secretary has issued a final decision may the individual seek judicial review of that determination. A final decision is rendered

only after the individual has pressed his claim through all levels of administrative review." *Id.* (internal quotations and citations omitted).

"The key inquiry in determining whether § 405(h) requires exhaustion before [this Court] can exercise jurisdiction is whether the claim 'arises under' the [Medicare] Act." *Id.* at 1141. "The Supreme Court has identified two circumstances in which a claim 'arises under' the Medicare Act: (1) where the 'standing and the substantive basis for the presentation of the claims' is the Medicare Act; and (2) where the claims are 'inextricably intertwined' with a claim for Medicare benefits." *Id.* (internal citations and quotations omitted).

"One category of claims that [courts] have found to arise under the Act are those cases that are cleverly concealed claims for benefits." *Id.* at 1141 (internal quotations omitted). Further, "whether . . . [a plaintiff seeks] reimbursement of benefits is not 'strongly probative' of whether a claim 'arises under' the Medicare Act" as "the remedy sought [is not] dispositive of the 'arising under' question." *Id.* at 1142. "[W]here, at bottom, a plaintiff is complaining about the denial of Medicare benefits . . . the claim 'arises under' the Medicare Act." *Id.* at 1142–43.

Plaintiff alleges only the accounts stated cause of action. Plaintiff characterizes it as a contract-based claim that seeks to recover the unpaid amount Dynamic billed United for various medical imaging services. Nevertheless, Plaintiff's claim is predicated on its status as an assignee of the enrollees' claims for benefits under United plans because without that status, Dynamic would have no basis for demanding payment from United. The question with respect to this claim is whether payment of the benefits Plaintiff seeks would constitute a payment of benefits under Part C of the Medicare Act. Simply put, the answer is yes.

As such, the Court finds that Plaintiff's claim is inextricably intertwined with claims for benefits under Part C of the Medicare Act. The claim therefore "arises under" the Act and is subject to Part C's mandatory administrative exhaustion requirement.

That said, Plaintiff does not allege that it presented its claim to the Secretary of Health and Human Services or engaged at all in Medicare's administrative review process. Because Plaintiff fails to allege whether or how it has exhausted its administrative remedies and has not shown any basis for excusing that requirement, Plaintiff's sub-claims that are based upon ERISA plans must be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

## D.    ALL OTHER PLANS

As to the remaining sub-claims, Defendant argues that Plaintiff fails to state a plausible account stated claim.

To plausibly assert an account stated claim, Plaintiff must show: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; and (3) a promise by the debtor, express or implied, to pay the amount due." *Bergen Plastic Surgery v. Aetna Life Ins. Co.*, Civ. No. 22-227, 2022 WL 4115701, at *3 (D.N.J. Sept. 9, 2022).

Plaintiff's Complaint includes scant factual background. Plaintiff has not sufficiently alleged *any* previous transactions between Dynamic and Defendant. *See Bergen Plastic Surgery*, 2022 WL 4115701, at *3 (dismissing account stated claim where complaint failed to "allege any facts suggesting that the parties had a debtor-creditor relationship"). Plaintiff has not sufficiently alleged that *any* agreement existed between Dynamic and Defendant. Plaintiff has not sufficiently alleged that Defendant made *any* promise to pay the amount Plaintiff alleges is due. Plaintiff only alleges that "Defendant . . . did promise to pay . . . the Plaintiff said sum upon demand." (*See*

8

Compl. First Count, ¶ 4.)  "[T]he Complaint contains no details on the alleged authorization, especially on what [Defendant] supposedly agreed to pay for.  Without providing any information on [Defendant's] supposed promise to pay, [Plaintiff's] account stated claim fails."  *Premier Orthopaedic Assocs. of S. NJ, LLC v. Anthem Blue Cross Blue Shield*, 675 F. Supp. 3d 487, 495 (D.N.J. 2023).

Because Plaintiff fails to state a sufficient account stated claim, the remaining sub-claims in the Complaint will also be DISMISSED WITHOUT PREJUDICE.[2]

## V.  CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendant's Motion to Dismiss.  The Court will dismiss the Complaint in its entirety and grant Plaintiff leave to file an Amended Complaint within 30 days.  The Clerk's Office will be instructed to administratively terminate this matter pending Plaintiff's submission.  An appropriate Order will follow.

Date: February 26, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[2] In its Opposition Brief, Plaintiff confirms that a significant portion of the disputed sub-claims are in fact time barred. (See Opp'n Br. at 6.)  Plaintiff now alleges that it as "re-reviewed" the accounts and the "total services which are still within the applicable statute of limitations period total approximately $505,157.42, which is comprised of approximately 358 services and approximately 230 patients."  (*Id.* at 7.)  Accordingly, the Court deems the time-barred to be withdrawn.

9